5 F.3d 1502
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Bernard L. PORTLEY, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 93-3115.
 United States Court of Appeals, Federal Circuit.
 July 7, 1993.
 
 Before RICH, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Bernard L. Portley appeals the November 25, 1992 decision of the Merit Systems Protection Board, Docket No. SF0752920580-I-1. The administrative judge sustained Mr. Portley's demotion from the position of Supervisory Computer Specialist, GM-13, to Computer Specialist, GS-12, step 10. We affirm.
 
 OPINION
 
 2
 Mr. Portley challenges the Board's affirmance of the Department of the Navy's demotion decision. The Navy demoted Mr. Portley because of three charges of misconduct: inappropriate conduct, false statements during an investigation, and refusal to carry out a proper order.
 
 
 3
 This court reviews the Board's decision under a narrow standard of review defined by statute. This court therefore affirms the Board unless its decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 4
 The Board found that Mr. Portley improperly directed a government contractor to make staff changes, a violation of Navy regulations governing non-personal services contracts. The Board gave greater weight to the Navy witnesses' testimony and documentary evidence as contrasted with appellant's "implausible, inconsistent [and] unsupported" testimony. This court discerns no reversible error in these findings.
 
 
 5
 Regarding the second charge, the Board held that Mr. Portley made false statements to his supervisor during an internal investigation. The Board found Mr. Portley's documents and testimony "uncorroborated by credible evidence." Again, this court detects ample evidentiary support for the Board's conclusion.
 
 
 6
 Finally, the Board found Mr. Portley's admitted refusal to execute his supervisor's order amounted to inexcusable misconduct. The order would not have placed Mr. Portley in any danger. Substantial evidence again supports the Board's findings.
 
 
 7
 The Navy also properly chose to demote rather than remove Mr. Portley. The Board upheld that decision based on Mr. Portley's expertise, the nature of the charges, and years of service. The court again detects no reversible error in this determination. Accordingly, this court affirms the Board's decision in its entirety.